MARILYN MCDANIEL, JOE NICHOLS,  )
and BARBARA GAMBLE  )
 )
Plaintiffs,  )
 )  Case No. 1:12-cv-319
v.  )  Mattice/Carter
 )
G4S SECURE SOLUTIONS (USA) INC.,  )
GUARDSMARK, LLC, and BASF  )
CORPORATION  )
 )
Defendants.  )

---

## JOINT MOTION FOR *IN CAMERA* REVIEW AND APPROVAL OF CONFIDENTIAL SETTLEMENT AGREEMENTS

---

Plaintiffs Marilyn McDaniel, Joe Nichols, and Barbara Gamble (collectively "Plaintiffs")

and Defendants G4S Secure Solutions (USA) Inc. ("G4S"), Guardsmark, LLC ("Guardsmark"),

and BASF Corporation ("BASF") jointly move this Court for an *in camera* review and approval

of their confidential settlement agreements, which resolve all issues between the parties in this

litigation. The good cause and compelling reasons for granting this joint motion are set forth

below. A proposed order approving the settlement and dismissing this action with prejudice is

attached as Exhibit A.

Plaintiffs filed this lawsuit on September 26, 2012, alleging claims of race and/or gender

discrimination under Title VII against G4S and BASF. McDaniel and Gamble also alleged a

claim under the Equal Pay Act against all Defendants. (See, generally, Court Doc. 1.) Defendants

have denied Plaintiffs' allegations, denied that they violated Title VII or the Equal Pay Act, and

denied that they owe Plaintiffs any damages. (See, generally, Court Docs. 7, 16, 18.) Defendants

have asserted multiple defenses to Plaintiffs' claims, including that any difference between the

638503

1

pay rates of Plaintiffs and other employees is based on a factor or factors other than Plaintiffs' sex or race, that the two-year (rather than the three-year) statute of limitations applies to Plaintiffs Equal Pay Act claims, and that Plaintiffs are not entitled to liquidated damages.

The parties, through their counsel, began discussing the potential for early resolution of this litigation in or around late October 2012. Since that time, the parties have engaged in settlement negotiations, investigated and evaluated each other's positions, exchanged data about their respective arguments and settlement proposals, and carefully evaluated the potential risks of continued litigation and the benefits of early resolution. Concluding that a resolution was in their best interests, the parties reached a settlement in March. That settlement was memorialized in a confidential Settlement and Release Agreement between McDaniel, Gamble and Guardsmark and a Confidential General Release, Waiver, and Settlement Agreement between Plaintiffs and G4S and BASF. These agreements are being submitted to the Court's chambers along with this joint motion.

Because the Equal Pay Act falls within the Fair Labor Standards Act, the parties are requesting that the Court approve Plaintiffs' release and settlement of their Equal Pay Act claims. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982). If a court finds that a settlement represents a fair and reasonable compromise of disputed claims and is not the product of fraud, overreaching, or collusion, the court may approve the settlement of an Equal Pay Act/FLSA claim "to promote the policy of encouraging settlement of litigation." *Id.* at 1354. Applying this standard, federal courts within Tennessee regularly approve confidential settlements of claims grounded in the FLSA where, as here, the settlement fairly and reasonably resolves a *bona fide* dispute, particularly where the parties dispute liability and the amount owed if any. *See, e.g., Ledford v. Patel*, Case No. 1:10-cv-00239, Doc. 30 (E.D. Tenn.

2

July 8, 2011) (Mag. Judge Carter); *Buman v. Convergys Corp.*, Case No. 3:08-cv-00260, Doc. 41 (M.D. Tenn. Sept. 2, 2008) (Mag. Judge Griffin), Doc. 42 (M.D. Tenn. Sept. 11, 2008) (Judge Echols).

Had the parties not voluntarily resolved these claims, Plaintiffs and Defendants both would have vigorously litigated the case without any promise of success. While all parties believe strongly in the merits of their respective cases, settlement under the terms to which they have agreed will eliminate the significant risk of no recovery and the expense to which the parties would be subjected if they pursued what is likely to be protracted litigation. Settlement was reached after arms-length negotiations between counsel experienced in Equal Pay Act litigation. Moreover, Plaintiffs brought this suit on their own behalf, not on behalf of a class. Through counsel, Plaintiffs represent that they are satisfied with the global settlement.

The global settlement and the settlement agreements are a fair and reasonable compromise of a *bona fide* dispute and the result of arms-length negotiation involving competent and experienced counsel. Accordingly, the parties respectfully request that the Court grant *in camera* review of their confidential agreements. Upon such review, and for the reasons stated in this joint motion, the parties request that the Court enter the order attached as Exhibit A, approving the parties' settlement and dismissing this action with prejudice.

3

638503

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s James M. Johnson

James M. Johnson (BPR #026147)
620 Lindsay Street, Suite 210
Chattanooga, TN 30741
(423) 648-4093
jj@jamesmjohnsonatty.com

By:  s/Alison T. Shaw

Edward R. Young (BPR #8373)
Alison T. Shaw (BPR #20314)
1800 Republic Centre
633 Chestnut Street
Chattanooga, Tennessee 37450
(423) 756-2010
ashaw@bakerdonelson.com
eyoung@bakerdonelson.com

*Attorney for Plaintiffs*

*Attorneys for Guardsmark, LLC*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:  s/Jonathan O. Harris

Jonathan O. Harris (BPR # 021508)
SunTrust Plaza, Suite 1200
401 Commerce Street
Nashville, TN 37219-2446
615.254.1900
615.254.1908 (facsimile)
jon.harris@ogletreedeakins.com

*Attorneys for BASF Corporation*

JACKSON LEWIS LLP

By:  s/J. Gregory Grisham

J. Gregory Grisham (BPR# 013810)
999 Shady Grove Rd., Suite 110
Memphis, Tennessee 38120
(901) 462-2600
(901) 462-2626 (facsimile)
gregory.grisham@jacksonlewis.com

*Attorneys for G4S Secure Solutions (USA)
Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2013, a copy of the foregoing Joint Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system

s/ James M. Johnson
James M. Johnson

638503